UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 NOV 18  A 10: 00

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　Plaintiff, )<br>　　　　　　　　　　)<br>　　　　　　　　　　)<br>　　　v.　　　　　　　)<br>　　　　　　　　　　)<br>DEBRA J. CURRAN, )<br>　　　　　Defendant. )<br>_____ ) | Civil Action No.<br><br>**03-40252 -NMG** |

**COMPLAINT FOR REINSTATEMENT OF MORTGAGE**

The United States of America by its attorneys, Michael J.
Sullivan, United States Attorney for the District of
Massachusetts, and Christopher R. Donato, Assistant United States
Attorney, alleges as its complaint the following:

1.  This Court has jurisdiction over this action pursuant to
28 U.S.C. §1345.

2.  The Plaintiff is the United States of America, acting
through Rural Development, United States Department of
Agriculture ("RD").

3.  The Defendant is Debra J. Curran, an adult individual
whose last known residential address is 223 New Boston Road,
Sturbridge, MA 01566.

4.  On or about July 26, 1982, RD loaned the Defendant and
her then husband Ronald J. Frank Jr. the sum of $50,000 to enable
them to purchase land and a dwelling located in Sturbridge,
Massachusetts, which property is still occupied by the Defendant.
The loan was secured by a real estate mortgage which was duly
recorded on July 26, 1982 in Book 7518, Page ___ Worcester

RECEIPT # ___ N/A
AMOUNT $ ___
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE ___ 11.18.03

District Registry of Deeds.  A copy of the said real estate
mortgage is attached hereto as Exhibit A.

5.  The real estate mortgage provides, in relevant part,
"And this instrument also secures the recapture of any interest
credit or subsidy which may be granted to the Borrower by the
Government pursuant to 42 U.S.C. §1490a."

6.  Ronald J. Frank Jr. has since deeded his interest in the
subject property to the Defendant and has been released from
liability by RD.

7.  By the terms of a Subsidy Repayment Agreement, RD
granted the Defendant an interest subsidy that lowered her
monthly payments in order to keep her mortgage affordable.  Among
other things, the Subsidy Repayment Agreement provided, in
paragraph 2, as follows:

> ....If I refinance or otherwise pay in full without
> transfer of title and continue to occupy the property,
> the amount of recapture will be calculated but payment
> of recapture can be deferred, interest free, until the
> property is subsequently sold or vacated.  If deferred,
> the Government mortgage can be subordinated but will
> not be released nor the promissory note satisfied until
> the Government is paid in full.....

8.  The Subsidy Repayment Agreement executed by the
Defendant cannot be located, as set forth in the Declaration of
Lyndon S. Nichols, attached hereto as Exhibit B.

9.  The Defendant did in fact receive a subsidy, renewable
annually, from RD throughout the life of her loan.

10.  In each year that the loan was outstanding, up to and

2

including 1996, the Defendant executed an Interest Credit Agreement which provided, in paragraph XIII, that any interest credit granted thereby was subject to recapture by the Government when the property "is sold, or title to it is transferred, or when it is no longer occupied by the Borrower." After 1996, RD changed its practice for renewing subsidies and no longer required borrowers to execute a written agreement. A copy of the executed Interest Credit Agreement from 1996 is attached hereto as Exhibit C.

11. On August 23, 2001, in response to Defendant's inquiries, RD wrote to Defendant explaining what options she had to pay off her account. In relevant part, the letter stated as follows:

> MAXIMUM SUBSIDY (PAY/DEFER)...When subsidy is deferred, the 25% discount is waived, you must continue to occupy the dwelling and title to the property. This account will not accrue interest nor are monthly payments required. If you sell the home or move from the home, the receivable account will be due to be paid in full. The release of lien will not be issued until the receivable is paid in full.

The letter went on to say that in order to reduce the amount of subsidy that Defendant would have to repay, she should submit an appraisal within 60 days. A copy of said letter is attached hereto as Exhibit D.

12. Defendant did submit an appraisal, which permitted RD to reduce the amount of subsidy that she had to repay from $79,693.88 (the actual amount of subsidy received) to $32,163.47

3

(the "recapture receivable"), as confirmed in a letter dated October 5, 2001, a copy of which is attached hereto as Exhibit E.

13.  On or about September 26, 2001, the Defendant paid off the principal and interest then due on the loan, but did not pay off the subsidy repayment amount.

14.  On or about September 26, 2001, the Government erroneously marked the promissory note and real estate mortgage "paid" and mailed them to the Defendant.

15.  On or about September 26, 2001, the Government erroneously issued to the Defendant a Discharge of Real Estate Mortgage, which she promptly recorded in the Worcester District Registry of Deeds.  A copy of the discharge is attached hereto as Exhibit F.

16.  Defendant refuses to permit reinstatement of the mortgage, despite several requests from RD.

17.  Equity requires that the promissory notes and real estate mortgage be reinstated and that the real estate mortgage continue to serve as security for the repayment of the subsidy until such time as the subsidy is repaid and for the real estate records to be corrected accordingly.

4

WHEREFORE, the Government prays that the promissory note dated July 26, 1982 and the real estate mortgage dated July 26, 1982 and recorded in Book 7518, Page 66 be reinstated and that the Discharge of Real Estate Mortgage dated September 26, 2001 be nullified.

UNITED STATES OF AMERICA
By its attorneys,

MICHAEL J. SULLIVAN
United States Attorney

Dated: November 17, 2003          By:    _____
                                          Christopher R. Donato
                                          Assistant U.S. Attorney
                                          John Joseph Moakley Courthouse
                                          One Courthouse Way, Suite 9200
                                          Boston, MA 02210
                                          (617) 748-3303

5



USDA-FmHA
Form FmHA 427-1 MA
(Rev. 10-21-80)

## REAL ESTATE MORTGAGE DEED FOR MASSACHUSETTS

**PAID IN FULL FmHA**

THIS MORTGAGE is made and entered into by ___ Ronald J. Frank, Jr. and Debra J. Frank,

husband and wife _____

residing in _____ Worcester _____ County, State of ____ Massachusetts ____

whose post office address is ____ Lot #2 New BOston Road Strubridge ____, in said State,
herein called "Borrower," and:

WHEREAS Borrower is indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more promissory note(s) or assumption agreement(s), herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| July 26, 1982 | $50,000.00 | 13 1/2% | July 26, 2015 |

(If the interest rate is less than _____% for farm ownership or operating loan(s) secured by this instrument, then the rate may be changed as provided in the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or any other statutes administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance endorsement by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant, convey, mortgage, assign and forever warrant unto the Government the following property situated in

Sturbridge, Worcester _____ County(ies), State of ____ Massachusetts ____

Lot #2 New Boston Road Plan Book *485* PLan *4*

BEGINNING at an iron pipe at the northeast corner of tract herein described the westerly side of New Boston Road:
THENCE S16° 16' 10" W along W along the westerly side of New Boston Rd., a d tance of 88.94 feet to a concrete bound:
THENCE S 22° 49' 53" W along the westerly side of New Boston Road, a distance of 50.16 feet to a concrete bound

FmHA 427-1 MA (Rev. 10-21-8

THENCE S 19° 04' 32" W along the westerly of New Boston Road, a distance of 25.90 feet to an iron pipe:

THENCE:N70° 55' 28" W along Lot #1, a distance of 270.96 feet to an iron pipe

THENCE: N 18° 37' 22" E along the Estate of Mary Paquin, Lot 4, a distance of 164.19 feet to an iron pipe:

THENCE S 70° 55' 28" E along Lot 3, a distance of 271.20 feet to the iron pipe at the point of beginning.

CONTAINING an area of 1.03 acres

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government as described by this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

BOOK 7518 PAGE 68

(7)  To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)  To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)  To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abaondon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)  To comply with all laws, ordinances, and regulations affecting the property.

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)  Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)  The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (b) release any party who is liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordinate its lien, and (d) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)  Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)  SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be declared a bankrupt or an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18)  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)  Borrower agrees that the Government will not be bound by any present or future laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption, or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefits of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20). If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex or national origin and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex or national origin.

(21) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(22) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at 358 N. Pleasant St., Amherst, Massachusetts 01002, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(23) Upon default by Borrower as aforesaid, the Government may foreclose this instrument as authorized or permitted by the laws then existing of the jurisdiction where the property is situated and of the United States of America, on terms and conditions satisfactory to the Government, including but not limited to foreclosure by (a) statutory power of sale, or (b) advertisement and sale of the property at public auction to the highest bidder in one or more parcels at the Government's option and at the time and place and in the manner and after such notice and on terms as may be required by statute or as may be determined by the Government if not contrary to statute, or (c) written agreement hereafter made between Borrower and the Government.

(24) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

PROVIDED that if all the indebtedness hereby secured is duly paid and each and every covenant, condition, agreement, and obligation, contingent or otherwise, contained herein, secured hereby or arising hereunder is fully performed and discharged, this mortgage shall be void; otherwise to remain in full force and effect.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____ 26th _____

day of _____ July _____ , 19 82.

Signed, sealed, and delivered in the presence of:

_____   _____ (SEAL)
Anthony D. Toscano to both   *(Witness)*   Ronald J. Frank, Jr.

_____   _____ (SEAL)
*(Witness)*   Debra J. Frank

STATE OR COMMONWEALTH OF Massachusetts

COUNTY OF Worcester                ACKNOWLEDGMENT

On this ____ 26 th ____ day of _____ July _____ , 19 82, before me, the undersigned, a Notary Public in and

for said State or Commonwealth and County, personally appeared _____ Ronald J. Frank, Jr. and _____

_____ Debra J. Frank _____,

individually known to me and by me known to be the parties executing the foregoing instrument, and to me acknowledged the said instrument to be executed by them as their free act and deed.

IN WITNESS WHEREOF, I hereunto set my hand and official seal on the date above written.

My commission expires _____ 9/6/85 _____   _____
                                                  Anthony D. Toscano   *Notary Public*

(NOTORIAL SEAL)

Recorded JUL 2 6 1982 at 3h. 9 m AM



RECORDED
WORCESTER DISTRICT
REGISTRY OF DEEDS

JUL 26  3 09 PM '82

BOOK   7518
PAGE   66
ATTEST

Anthony J. Vigliotti
Register

Mortgage   26256

Ronald J. Frank, Jr. et ux

to

Farmers Home Administration
688 Main Street
Holden, MA 01520

MAIL:

From the office of
Anthony D. Toscano, Esquire
16 Harvard Street
Worcester, Massachusetts 01609
753-5552



DECLARATION OF LYNDON S. NICHOLS

I, LYNDON S. NICHOLS, declare, pursuant to 28 U.S.C. 1746, as follows:

1. I am the Rural Development Manager for the Rural Housing Service, United States Department of Agriculture (RHS), with an office in Holden Massachusetts. As such, I am a keeper of the records kept by RHS on Debra J. Curran, formerly known as Debra J. Frank.

2. On or about July 26, 1982, RHS made a loan to Ms. Curran and her then husband. In connection with the loan, Ms. Curran was determined eligible to receive a subsidy to reduce her monthly mortgage payments and make her residence affordable.

3. In order to receive the subsidy, Ms. Curran had to sign a Subsidy Repayment Agreement, thereby agreeing to repay all or part of the subsidy if and when she ceased to occupy the residence.

4. Ms. Curran did in fact receive the subsidy. Over the life of her loan, the government in the amount of $32,163.47 subsidized her account.

5. I have caused a search of the relevant records, but the Subsidy Repayment Agreement cannot be located and is presumed lost.

6. Each year Ms. Curran signed a new interest Credit Agreement which clearly specifies in section XIII, "For loans approved or assumed on or after October 1, 1979, any interest credit granted as a result of this agreement shall be subject to recapture by the Government when the property securing the loan is sold, or title to it is transferred, or when it is no longer occupied by the Borrower."

7. Attached hereto is a form of Subsidy Repayment Agreement identical to that executed by Ms. Curran and her then husband when they received their loan. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed in the presence of:                    UNITED STATES OF AMERICA

_Jean M. Anderson_                         By: _Lyndon S. Nichols_
(witness)                                  LYNDON S. NICHOLS, MANAGER
Jean M. Anderson

ACKNOWLEDGEMENT

STATE OF MASSACHUSETTS)
                     )     ss:
COUNTY OF WORCESTER)

I hereby certify that on the **12th** day of February 2003, before me, a Notary Public in and for the State and County, personally appeared Lyndon S. Nichols, to me personally known and known to me to be the Rural Development Manager of Rural Housing Service fka Farmers Home Administration for the State of Massachusetts, County of Worcester, with the office at Holden, and he/she duly acknowledged the foregoing instrument to be the act and deed of the UNITED STATES OF AMERICA and desired the same to be recorded as such.

Sworn to and subscribed before me and given under my hand and notarial Seal.

NOTARIAL SEAL                              _Susan E. Bourque_
                                           Notary Public
                                           Susan E. Bourque

My commission expires: November 7, 2008

Form RD 3550-12
(10-96)

United States Department of Agriculture
Rural Housing Service

Form Approved
OMB No. 0575-0166

## SUBSIDY REPAYMENT AGREEMENT

1.    As required under section 521 of the Housing Act of 1949 (42 U.S.C. 1490a), subsidy received in accordance with section 502 of the Housing Act of 1949, is repayable to the Government upon the disposition or nonoccupancy of the security property. Deferred mortgage payments are included as subsidy under this agreement.

2.    When I fail to occupy or transfer title to my home, recapture is due. If I refinance or otherwise pay in full without transfer of title and continue to occupy the property, the amount of recapture will be calculated but, payment of recapture can be deferred, interest free, until the property is subsequently sold or vacated. If deferred, the Government mortgage can be subordinated but will not be released nor the promissory note satisfied until the Government is paid in full. In situations where deferment of recapture is an option, recapture will be discounted 25% if paid in full at time of settlement.

3.    Market value at time of initial subsidy $ _____ less amount of Rural Housing Service (RHS) loans $ _____ less amount of any prior liens $ _____ equals my/our original equity $ _____ . This amount equals _____ % of the market value as determined by dividing original equity by the market value.

4.    If all loans are not subject to recapture, or if all loans subject to recapture are not being paid, complete the following formula. Divide the balance of loans subject to recapture that are being paid by the balance of all open loans. Multiply the result by 100 to determine the percent of the outstanding balance of open loans being paid.

5.

| months loan outstanding | Average interest rate paid | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 1% | 1.1 2% | 2.1 3% | 3.1 4% | 4.1 5% | 5.1 6% | 6.1 7% | >7% |
| 0   –   59 | .50 | .50 | .50 | .50 | .44 | .32 | .22 | .11 |
| 60   –   119 | .50 | .50 | .50 | .49 | .42 | .31 | .21 | .11 |
| 120   –   179 | .50 | .50 | .50 | .48 | .40 | .30 | .20 | .10 |
| 180   –   239 | .50 | .50 | .49 | .42 | .36 | .26 | .18 | .09 |
| 240   –   299 | .50 | .50 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300   –   359 | .50 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360  &  up | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

6.    Calculating Recapture

      Market value (at the time of transfer or abandonment)
LESS:
      Prior liens,
      RHS balance,
      Reasonable closing costs,
      Principal reduction at note rate,
      Original equity (see paragraph 3), and
      Capital improvements.
EQUALS
      Appreciation value.  (If this is a positive value, continue.)
TIMES
      Percentage in paragraph 4 (if applicable),
      Percentage in paragraph 5, and
      Return on borrower's original equity (100% - percentage in paragraph 3).
EQUALS
      Value appreciation subject to recapture. Recapture due equals the lesser of this
      figure or the amount of subsidy received.

| Borrower | Date |
|---|---|
| Borrower | Date |

*Public reporting burden for this collection of information is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to U.S. Department of Agriculture, Clearance Officer, STOP 7602, 1400 Independence Avenue, S.W., Washington, D.C. 20250-7602.* ***Please DO NOT RETURN this form to this address.*** *Forward to the local USDA office only. You are not required to respond to this collection of information unless it displays a currently valid OMB control number.*

★ U.S. GPO: 1996-578-536



Form FmHA 1944-A6
(Rev. 12/95)

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**RURAL HOUSING SERVICE**

FORM APPROVED
OMB No. 0575-005_

| DATE OF NOTE | AMOUNT OF NOTE | **INTEREST CREDIT AGREEMENT** | TYPE OF AGREEMENT |
|---|---|---|---|

DATE OF NOTE: 07/26/92 · AMOUNT OF NOTE: $50,036.34

**INTEREST CREDIT AGREEMENT**
(Section 502 RH Loans)

TYPE OF AGREEMENT: 1 ☐ New   2 ☒ Renewal   3 ☐ Corrected

CASE NUMBER 25 019 16485218

PAYMENT PLAN **EXP MONTH 12**
☐ Annual   ☒ Monthly   ☐ Deferred

EFFECTIVE DATE OF AGREEMENT **12/26/96**

I. This agreement between the United States of America, acting through the United States Department of Agriculture pursuant to Section 521 of the Housing Act of 1949, (herein called "the Government") and the borrower whose name appears below (herein called "Borrower") supplements promissory note(s) or assumption agreement(s) (herein called "the note", whether one or more) from Borrower to the Government as described above.

II. TO BE COMPLETED BY BORROWER (If additional space is needed, attach additional sheets)   **CURRAN, DEBORAH J.**

A. Complete the following for borrower, co-borrower, and all adult members of the household who will receive income.

| NAME | AGE | PLANNED INCOME NEXT 12 MONTHS WAGES | OTHER | NAMES AND ADDRESSES OF EMPLOYER OR SOURCE OF INCOME |
|---|---|---|---|---|
| 1. Debra J Curran | 38 | | | STATE OF Conn |
| 2. | | | | |
| 3. | | | | |

B. Number of dependent minor children (not including foster children) residing in the dwelling.   2

C. Annual Real Estate Taxes (Dwelling Only) 1902.32   Annual Property Insurance Premium (Dwelling Only) 429.00

SIGNATURES OF BORROWERS. I (we) certify that this information is correct to the best of my (our) knowledge and have read and understand the requirements and conditions on the reverse of this agreement.

WARNING: SECTION 1001 OF TITLE 18, UNITED STATES CODE PROVIDES: "WHOEVER, IN ANY MATTER WITHIN THE JURISDICTION OF ANY DEPARTMENT OR AGENCY OF THE UNITED STATES KNOWINGLY AND WILLFULLY FALSIFIES, CONCEALS OR COVERS UP BY ANY TRICK, SCHEME, OR DEVICE A MATERIAL FACT, OR MAKES ANY FALSE, FICTITIOUS OR FRAUDULENT STATEMENTS OR REPRESENTATIONS, OR MAKES OR USES ANY FALSE WRITING OR DOCUMENT KNOWING THE SAME TO CONTAIN ANY FALSE, FICTITIOUS OR FRAUDULENT STATEMENT OR ENTRY, SHALL BE FINED UNDER THIS TITLE OR IMPRISONED NOT MORE THAN FIVE YEARS OR BOTH."

10-28-96
*(Date)*

Debra J Curran
*(Borrower)*

*(Co-Borrower)*

III. TO BE COMPLETED BY COUNTY OFFICE

1. Annual Income   33411
2. Deductions   960
3. Adjusted Annual Income   32450
   (1 minus 2)
   ☐ Low-Income   ☐ Moderate-Income
   Limit Maximum

4. Note Installment   ( )   $ 6,852
5. Note Installment   ( )
6. Real Estate Tax   ( )   1902
7. Property Insur.   ( )   429
8. Total   ( )   9183
9. Adjusted Income   6490
10. x 20%
    Difference   ( )   2693

11. Note Installment   $ 6,852
12. Note Installment at 1% Rate   $ 1,812
13. Difference   $ 5,040
14. Interest Credit
    Annual XXXXX  XXXXX
    Monthly   224 (?)

IV. MONTHLY INSTALLMENT note subject to the provisions of this agreement, the borrower will pay $347.00 dollars per month for 12 months beginning 1/26/97. If the borrower's circumstances do not change, this agreement will be extended for an additional 12 months. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

V. ANNUAL INSTALLMENT note subject to the provisions of this agreement, the borrower will pay XXXXXXXXXXX dollars on or before January 1, 19 XXX. If the borrower's circumstances do not change, this agreement will be extended and the borrower will pay XXXXXXXXX dollars on or before January 1, 19 XXXXXXXXX. This agreement or the extension thereof may be revised or cancelled as provided by the conditions listed on the reverse of this form.

* In accordance with the provisions of a Form FmHA 1951-37, "Additional Partial Payment Agreement", or other agreement the borrowers' required payment will be $ _____ rather than the amount shown above.

UNITED STATES DEPARTMENT OF AGRICULTURE

10/28/96
*(Date Approved)*

CDM
*(Title)*

By   Lyndon S. Mohr

RETURN TO:

25-016
CURRAN, DEBORAH J.
223 NEW BOSTON ROAD
STURBRIDGE, MA  01566

25-016
COUNTY SUPERVISOR
USDA, FARMERS HOME ADMIN.
ONE HEYWOOD PLACE
55 LAKE ST
GARDNER MA  01440

*Public reporting for this collection of information is estimated to average 20 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering, and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to U.S. Department of Agriculture, Clearance Officer, OIRM, AG Box 7630, Washington, D.C. 20250. Please DO NOT RETURN this form to this address. Forward to the local USDA office only. You are not required to respond to this collection of information unless it displays a currently valid OMB control number.*

*If the decision contained above in this form results in denial, reduction or cancellation of assistance, you may appeal this decision and have a hearing or you may request a review in lieu of a hearing. Please use the form we have included for this purpose.*

Position 2

FmHA 1944-A6 (Rev. 12_



 **USDA**  United States
Department of
Agriculture    Rural Development    Rural Housing
Service    Centralized Servicing
Center    Cash Management
1520 Market Street
St. Louis, MO
63166

23 August, 2001

Deborah J. Curran
223 New Boston Rd.
Sturbridge, MA 01566-1340

Re: Account #4797473

Dear Homeowner,

CSC has received funds to pay the above mentioned account(s) in full, but subsidy recapture remains due. A recapture receivable account has been established for the maximum amount of subsidy granted over the life of the paid loan(s), which is $79,693.88. You have the following options:

**MAXIMUM SUBSIDY (PAY/DEFER)** If *refinancing* or paying from personal funds, pay the subsidy recapture within 60 days of the date of this letter, and receive a 25% discount on maximum recapture. If no response is received within 60 days, the recapture receivable account will remain as is.

When subsidy is deferred, the 25% discount is waived, you must continue to occupy the dwelling and hold title to the property. This account will not accrue interest nor are monthly payments required. If you sell the home or move from the home, the receivable account will be due to be paid in full. The release of lien will not be issued until the receivable is paid in full.

**FINAL CALCULATION OF SUBSIDY (PAY/DEFER)** *Obtaining an <u>appraisal</u> could possibly reduce total subsidy.* The amount of recapture to be collected can only be reduced based on the value appreciation formula if the Agency has an accurate assessment of market value from a sales contract, from an appraisal conducted by or for the Agency, or from an appraisal conducted by or for another lender. A broker's price opinion is not acceptable. Contact your local Rural Development Office if no appraisal was conducted for a lender. The appraisal must be received at the Centralized Servicing Center, no later than 60 days from the date of this letter. A final computation of subsidy recapture will be completed when the appraisal is received. In absence of the final subsidy calculation, the total amount of subsidy granted over the life of the loan will remain due. Please fax the appraisal, the settlement statement (if applicable), and a copy of this letter to the attention of Barbara Warzycki at (314) 206-2799.

If remaining in the home (refinancing/paying from personal funds) and paying the subsidy recapture within 60 days from the date of this letter, fax the required documents so that a final payoff calculation can be completed. The 25% discount will apply.

If deferring subsidy recapture, the final subsidy calculation will replace the established maximum receivable, and all other conditions regarding subsidy deferral described in paragraph two under Maximum Subsidy will apply.

Any questions regarding this letter should be directed to our Customer Service Department at (800) 414-1226. Please include a copy of this letter when you submit payment. Mail payment to:    USDA-RHS, PO Box 790301, St. Louis, MO 63101

Sincerely,

USDA- Rural Development
Loan Administration Branch
Cash Management Section-Payoffs

recaprecv.doc, rev 09/22/00 cw

**USDA is an Equal Opportunity Lender, Provider, and Employer. Complaints of discrimination should be sent to: USDA, Director, Office of Civil Rights, Washington, DC 20250-9410.**



 **USDA**

| | United States<br>Department of<br>Agriculture | Rural<br>Development | Rural Housing<br>Service | Centralized<br>Servicing<br>Center | PO Box 790301<br>St. Louis, MO<br>63179 |
|---|---|---|---|---|---|

October 5, 2001

DEBORAH J CURRAN
223 NEW BOSTON RD
STURBRIDGE    MA 01566-1340

Account # 4797473

Dear: Homeowner,

USDA – Rural Development has established a recapture receivable account in the amount of $32,163.47, which represents subsidy recapture. The recapture amount was calculated based on the market value of your home.

If you wish to pay your recapture receivable account in full, will continue to occupy your home, do not transfer title **and** payment is received no later than 11/24/01, the recapture receivable account balance will be discounted by 25%. The discounted amount due is $24,122.60. The 25% discount is a limited time offer and must be received by 11/24/01.

You have the option to defer the payment of recapture as long as you occupy your home and title does not transfer. A recapture receivable account does not accrue interest, and there are no monthly payments required. The account balance is due and payable at such time that you no longer occupy your home or title is transferred.

When submitting funds for payoff, the payment must be in the form of a cashier's or bank check made payable to Rural Development. If you submit a personal check the release of security documents will be delayed.

Payoff funds should be sent to the following address:

Overnight Delivery

        USDA-RHS
        Attn: Government Lockbox, Tram 92-1
        P.O. Box 790301
        1005 Convention Plaza
        St. Louis, MO 63101

Regular Mail

        USDA-RHS (Wholesale Lockbox Only)
        P.O. Box 790301
        St. Louis, MO 63179

USDA Rural Development is an Equal Opportunity Lender, Provider, and Employer. Complaints of discrimination should be sent to: USDA, Director, Office of Civil Rights, Washington, DC  20250-9410



# DISCHARGE OF REAL ESTATE MORTGAGE
## Connecticut, Massachusetts, Rhode Island

KNOW ALL MEN BY THESE PRESENTS, That the United States of America,
acting through the Rural Housing Service fka Farmers Home Administration (FmHA),
having office at Holden, County of Worcester, owner and holder of a certain mortgage
executed by **Ronald J. Frank, Jr.** and **Debra J. Frank** dated **July 26, 1982**, and recorded
in the Office of **Worcester District Registry of Deeds**, in Book **7518** Page 66, does hereby
acknowledge that it has received full payment and satisfaction of the same, and in
consideration thereof does hereby cancel, release and discharge said mortgage.

IN WITNESS WHEREOF, The United States of America has caused this instrument
to be executed by its duly authorized office on the **26th** day of **September 2001**, pursuant
to authority contained in Code of Federal Regulations, Title 7, Part 1900, Subpart A.

Signed in the presence of:                    UNITED STATES OF AMERICA

_____        By: _____
(witness)                            LYNDON S. NICHOLS, MANAGER
Jean M. Anderson                          Rural Housing Service
                                   United States Department of Agriculture
_____
(witness)

### ACKNOWLEDGEMENT

STATE OF MASSACHUSETTS)
                      )        ss:
COUNTY OF WORCESTER)

I hereby certify that on the **26th** day of **September, 2001**, before me, a Notary Public in and
for the State and County, personally appeared Lyndon S. Nichols, to me personally known
and known to me to be the Rural Development Manager of Rural Housing Service fka
Farmers Home Administration for the State of Massachusetts, County of Worcester, with the
office at Holden, and he/she duly acknowledged the foregoing instrument to be the act and
deed of the UNITED STATES OF AMERICA and desired the same to be recorded as such.

Sworn to and subscribed before me and given under my hand and notarial Seal.

NOTARIAL SEAL

_____
Notary Public
Susan E. Bourque

My commission expires: November 23, 2001

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

03 - 40252 NMG

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Debra J. Curran

FILED
IN CLERKS OFFICE

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney'S (Firm Name, Address, and Telephone Number)
Christopher R. Donato, AUSA
U.S. Attorney's Office, 1 Courthouse Way-Suite 9200
Boston, MA 02210  (617) 748-3303

Attorneys (If Known)
U.S. DISTRICT COURT
DISTRICT OF MASS.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff

☐ 2 U.S Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | DEF | | | DEF |
|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 ☐ 6 |

## IV. NATURE OF SUIT (Place an "X " in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | |
| ☐ 190 Other Contract | **PERSONAL INJURY** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury – Med. Malpractice | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | ☐ 365 Personal Injury – Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage | | | ☐ 890 Other Statutory Actions |
| ☒ 290 All Other Real Property | ☐ 385 Property Damage Product Liability | | | |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | | | |
| ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Complaint for reinstatement of mortgage pursuant to 28 U.S.C. § 1345

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE
11-18-2003
SIGNATURE OF ATTORNEY OF RECORD
Christopher R. Donato

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____
This form was electronically produced by Elite Federal Forms, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**03 - 40252**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _____ U.S.A.  v.  Robert J. Curran

IN CLERKS OFFICE

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

    ___    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

2003 NOV 18 A 10 00

    ___    II.    195, 368, 400, 440, 441-444, 540, 550, 555,625, 710, 720, 730,    U.S. DISTRICT COURT
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    DISTRICT OF MASS
                                                                  *Also complete AO 120 or AO 121
                                                                     for patent, trademark or copyright  cases

    X    III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    X    IV.    220, 422, 423, 430, 460, 510, 530, 610, 620,630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    ___    V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE
HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
COURT?

                                            YES              NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
PUBLIC INTEREST?  (SEE 28 USC §2403)

                                            YES              NO

IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                            YES              NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
28 USC §2284?

                                            YES              NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                            YES              NO

    A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

    EASTERN DIVISION        (CENTRAL DIVISION)        WESTERN DIVISION

    B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
            GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

    EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Christopher R. Donato, Special Assistant U.S. Attorney

ADDRESS    U.S. Attorney's Office, 1 Courthouse Way-Suite 9200, Boston, MA 02210

TELEPHONE NO.    617 748 3303

(Cover sheet local.wpd - 11/27/00)