

BK24958PG181

154725

# DISCHARGE OF REAL ESTATE MORTGAGE
## Connecticut, Massachusetts, Rhode Island

30/22

KNOW ALL MEN BY THESE PRESENTS, That the United States of America, acting through the Rural Housing Service fka Farmers Home Administration (FmHA), having office at Holden, County of Worcester, owner and holder of a certain mortgage executed by **Ronald J. Frank, Jr.** and **Debra J. Frank** dated **July 26, 1982**, and recorded in the Office of **Worcester District Registry of Deeds**, in Book **7518** Page 66, does hereby acknowledge that it has received full payment and satisfaction of the same, and in consideration thereof does hereby cancel, release and discharge said mortgage.

IN WITNESS WHEREOF, The United States of America has caused this instrument to be executed by its duly authorized office on the 26th day of September 2001, pursuant to authority contained in Code of Federal Regulations, Title 7, Part 1900, Subpart A.

Signed in the presence of:                UNITED STATES OF AMERICA

*Jean M. Anderson*
_____            By: *Lyndon S. Nichols*
(witness)                          LYNDON S. NICHOLS, MANAGER
Jean M. Anderson                     Rural Housing Service
                                United States Department of Agriculture
_____
(witness)                  ACKNOWLEDGEMENT

STATE OF MASSACHUSETTS)
                      )    ss:
COUNTY OF WORCESTER)

I hereby certify that on the **26th** day of **September, 2001**, before me, a Notary Public in and for the State and County, personally appeared Lyndon S. Nichols, to me personally known and known to me to be the Rural Development Manager of Rural Housing Service fka Farmers Home Administration for the State of Massachusetts, County of Worcester, with the office at Holden, and he/she duly acknowledged the foregoing instrument to be the act and deed of the UNITED STATES OF AMERICA and desired the same to be recorded as such.

Sworn to and subscribed before me and given under my hand and notarial Seal.

NOTARIAL SEAL

*seal*

*Susan E. Bourque*
_____
Notary Public
Susan E. Bourque

My commission expires:  November 23, 2001

Mail To
Debra J Curran
223 New Boston Rd
Sturbridge MA 01566

ATTEST: WORC. Anthony J. Vigliotti, Register

01 OCT -2 PM 1:16

223 New Boston Rd
Sturbridge M 01566



**USDA**

UNITED STATES DEPARTMENT OF AGRICULTURE
RURAL DEVELOPMENT
52 Boyden Road, Holden MA 01520
Voice: (508) 8294477 Ext 4    Fax: (508) 8293721    TDD: (413) 2537068

September 27, 2001

Deborah J. Curran
223 New Boston Road
Sturbridge MA  01566

RE:  discharge

Dear Sir/Madam:

Enclosed is the Discharge of Real Estate Mortgage for the above named loan account with the Rural Development Services (RDS), formerly known as Farmers Home Administration (FmHA), which was paid in full.

**PLEASE NOTE:  this discharge must be recorded at the Worcester District Registry of Deeds.**

If you have any questions, please feel free to contact this office.  Our telephone number is (508) 829-4477 ext. 4.

Sincerely,

*Susan E Bourque*

SUSAN E. BOURQUE

Rural Development Assistant

enclosure

To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 14th and Independence Avenue, SW, Washington, D.C.  20250-9410, or call 202/720-5964 (voice and TDD). USDA is an equal opportunity provider and employer.



# FAX TRANSMISSION

## BROOKLYN CORRECTIONAL INSTITUTION

59 HARTFORD ROAD
BROOKLYN, CT 06234
860-779-4515/4516
FAX: 860-779-2210

## Records Department

**To:** _Barbara Warezyck_ **Date:** _9-18-01_

**Fax #:** _1-314-206-2799_ **Pages:** _22_ including this cover sheet.

**From:** _Debra Curran_

**ADDENDUM**

| | |
|---|---|
| Borrower: Debra Curran | File No.: R0109076 |
| Property Address: 223 New Boston Rd. | Case No.: |
| City: Sturbridge | State: MA    Zip: 01566 |
| Lender: | |

Re  Debra Curran
    223 New Boston Rd.
    Sturbridge, MA 01566
    EIM File #R0109071

ADDENDUM
October 1, 2001

USDA is requesting the value attributed to the Capital Improvements listed in the estimate of market value prepared by this office on September 7, 2001.  Items listed below are considered to be the Capital Improvements as defined by USDA in letter to Debra Curran.  A  specific value for the specific capital improvement is given to each item.

1. Decks............................................................................. 4,000
2. Finished basement area................................................ 5,000
3. 20' X 22' addition to gross living area above grade.......16,500
4. Driveway addition........................................................... 2,000
5. Shed................................................................................  500
6. Fence...............................................................................  500

Opinion of market value of the above listed items are taken from the appraisers experience of extrapolating market value items and adjustments from homes in this marketing area.  It is my opinion that the items listed above and the market value attributed to these items represent actions of buyers and sellers in this area as of the date of the appraisal on September 7, 2001.

Respectfully Submitted,

Elaine I. McManus
EIM Associates, Inc.

 **USDA** | United States Department of Agriculture | Rural Development | Rural Housing Service | Centralized Servicing Center | PO Box 790301 St. Louis, MO 63179

Dear Sir/Madam:

We have received your request for consideration of capital improvements in your payoff calculation. Unfortunately, we are unable to consider the values as submitted. To receive credit for capital improvements, the lender's appraiser should submit an addendum to the appraisal, itemizing any added value, for each capital improvement listed.

Please present these instructions to the appraiser and request that an addendum be completed for the following **acceptable** capital improvements *:

| | |
|---|---|
| Decks | Driveway (if addition not replacement) |
| finished basement | Shed |
| addition Square footage | fence |

* Other items submitted, cannot be used for our purposes when calculating subsidy recapture. The definition of capital improvements for the purpose of our subsidy recapture calculation is "additions that add to the value of the property above and beyond repairs that maintain the property in good condition." Replacement items such as kitchen cabinets, floor coverings, roofing, siding, furnaces, appliances, and water heaters are not considered as capital improvements. Maintenance items such as yard maintenance, painting, and wallpapering are also not considered as capital improvements in our calculation of subsidy recapture.

Additional Notes to the Appraiser:

A paired sales analysis may not be possible for each item listed above. For our purposes we ask that a value be supplied, if any value can be attributed, to each specific capital improvement listed above as it affected the market value of the whole property. Or, in other words, the amount its absence would detract from the value of the whole property.

Please view the effect of these additions as they affected the market value, with the sales comparison approach. We **cannot** accept costs of building these additions, or values from Marshall and Swift since costs do not reflect the effect a particular improvement may have on the market value of the property.

An acceptable addendum must be prepared by the appraiser that completed the appraisal for the lender. It should include specific values, as described above, for the specific capital improvement requested, and be signed and dated by the appraiser.

**Purpose of this request:**

This loan has received payment assistance, it is a government subsidized loan. All, or a portion of this assistance may be due back to the government based on value appreciation of the property. In our payoff calculation, customers may receive some credit for capital improvements, (additions to the original property) to possibly reduce the value appreciation calculation. The value of capital improvements is not directly subtracted from the payoff amount. From the value appreciation figure, the Agency calculates the percentage of subsidy due for the payoff statement.

1

USDA Rural Development is an Equal Opportunity Lender, Provider, and Employer. Complaints of discrimination should be sent to: USDA, Director, Office of Civil Rights, Washington, DC 20250-9410



WORCESTER DISTRICT REGISTRY OF DEEDS
ANTHONY J. VIGLIOTTI, REGISTER

01 OCT -2 PM 1:16

RECEIVED

$ 30 -CASH

Instrument
# 154725

Discharge
of
Mortgage

WORCESTER DISTRICT

REGISTRY OF DEEDS

ANTHONY J. VIGLIOTTI, REGISTER

THE FOLLOWING INSTRUMENTS WERE ENTERED
FOR RECORD

ON _____ 19 ____

AT _____ A.M. _____ P.M.

State Director
David Tuttk
(413) 253-4302
Asst. State Dir.
William Gouzounis
(413) 253-4310
4 51 West St. Suite 2
Amherst, MA
01002-
2 999

| | FEES |
|---|---|
| Discharge of Mtg # 142986 | 10 |
| Cash | |
| | |
| | |
| | |
| | |
| TOTAL | 10 |

DEC 17 9 25 AM 01

ATTEST: WORC., Anthony J. Vigliotti, Register

RECEIVED PAYMENT

BY _Judy_



| USDA | United States Department of Agriculture | Rural Development | Rural Housing Service | Centralized Servicing Center | PO Box 790301 St. Louis, MO 63179 |
|------|------|------|------|------|------|

January 14, 2002

Pete Lorenza
Rural Development
Fax #: (413) 253-4347

Re: Deborah J. Curran
     Account #4797473

Dear Pete:

This letter is in response to your inquiry regarding the calculation of the final payoff for the above customer. When calculating the final payoff, the following format is used:

        Market Value (established by either a recent appraisal or signed sales contract)
*(less)*  Current Principal, Interest and Fee Balances
*(less)*  Closing Costs incurred by our customer in this transaction
*(less)*  Principal paid by the customer
*(less)*  Principal Reduction Attributable to Subsidy – PRAS
*(less)*  Original Equity in the property when purchased (found on Subsidy Repayment Agreement)
*(less)*  Capital Improvements (if applicable)
=     Value Appreciation
*(multiplied by)* Recapture Percentage (Chart on Subsidy Repayment Agreement)
*(multiplied by)* Percentage of Original Equity
=     Value Appreciation Subject to Recapture

**A spreadsheet showing the exact figures that were used in the calculations is attached.**

In response to your inquiry regarding the early payoff on this account, this customer received interest credit. Before January 1, 1990, customer's payments were applied at a reduced interest rate calculated, from the annual or bi-annual Interest Credit reviews. This method of reducing interest for the customer's monthly payment was discontinued on the renewal effective date during 1990.

As a result of years of applying payments at reduced rates, many customers will pay off their accounts much earlier than their note maturity date. There are many customers that obtained loans with the high interest rates of 13% and 13.5% in the early 1980's, and had Interest Credit Agreements calculated at the 1% interest rate. At this time, many of these accounts are paying off through the autopost of payments.

USDA Rural Development is an Equal Opportunity Lender, Provider, and Employer. Complaints of discrimination should be sent to: USDA, Director, Office of Civil Rights, Washington, DC 20250-9410



| USDA | United States Department of Agriculture | Rural Development | Rural Housing Service | Centralized Servicing Center | PO Box 790301 St. Louis, MO 63179 |

The explanation below, using a first installment as the example, illustrates the effect of reducing a customer's payment to 1%, instead of applying payments and subsidy due at the note rate of 13%.

**Example, using the first payment of a $50,000 loan at 13%.**
The full note rate payment at 13% for 33 years is $550.00. Daily accrual for the first installment is 17.80. 17.80 x 30 days = $534.00 interest and $16.00 should be applied to principal.

**For this first installment, it was determined through the Interest Credit Calculation, that funds received will be applied at 1%.** For a loan of $50,000 at 1% for 33 years, the installment would be $149.00. Daily accrual for the first installment is 1.36. 1.36 x 30 days = $40.80 interest and **$108.20 is applied to principal.**

**Instead of a principal payment of $16.00, this customer had principal reduced by $108.20 with the first installment alone.**

This illustrates that the method of applying the monthly installments at the reduced interest rate calculated for the Interest Credit Agreement was equal to having a substantial curtailment applied each and every month. These additional reductions of principal were compounded over the years, causing the early payoff of principal. This account received more than $12,000.00 in Principal Reduction Attributable to Subsidy.

After a quick review of the situation the customer can be assured, that although confusing, the application of payments based on the interest calculated in their Interest Credit reviews, actually did cause the early payoff of their account. This was an Agency decision at that time. There will be no additional funds due, and when recapture is paid, the Mortgage and note will be satisfied.

I hope this breakdown of recapture calculation and example of how Principal Reduction Attributable to Subsidy will answer your questions. If you have any additional concerns, or I can assist any further, please let me know.

Sincerely,

*Shannon Lamb*

Shannon Lamb          (314) 206-2665
Acting Supervisor Payoff Unit
Payoff / Research Section
Centralized Servicing Center

Enclosures

USDA Rural Development is an Equal Opportunity Lender, Provider, and Employer.
Complaints of discrimination should be sent to: USDA, Director, Office of Civil Rights, Washington, DC 20250-9410



**FINAL PAYOFF WORKSHEET**

| Part I. Value Appreciation | |
|---|---|
| (If any calculation in this section yields zero or less, stop and go to Part II) | |
| 1.   Current Market Value | $147,000.00 |
| 2.   (less) Non-Agency Prior Liens being Paid Off | $0.00 |
| 3.   Balance (Line 1 - Line 2) | $147,000.00 |
| 4.   (less) Agency Loans being Paid Off | $421.28 |
| 5.   Balance (Line 3 - Line 4) | $146,578.72 |
| 6.   (less) Equity recapture due from FP loan | $0.00 |
| 7.   Balance (Line 5 - Line 6) | $146,578.72 |
| 8.   (less) Authorized Closing Costs | $250.00 |
| 9.   Balance (Line 7 - Line 8) | $146,328.72 |
| 10.  (less) Principal reduction ( note rate) on Agency Loan being Paid Off | $28,426.96 |
| 11.  Balance (Line 9 - Line 10) | $117,901.76 |
| 12.  (less) Principal Reduction Attributable to Subsidy (PRAS) on loan being Paid Off | $12,169.16 |
| 13.  Balance (Line 11 - Line 12) | $105,732.60 |
| 14.  (less) Original Equity | $100.00 |
| 15.  Balance (Line 13 - Line 14) | $105,632.60 |
| 16.  (less) Capital Improvement Credit | $28,500.00 |
| 17.  Value Appreciation (Line 15 - Line 16) | $77,132.60 |
| (if zero or less, enter zero and go to Line 18 otherwise, go to Line 22) | |

| Part II.  Amount Due if There is No Value Appreciation | |
|---|---|
| (Complete only if there is no Value Appreciation) | |
| 18.  Agency Loans being Paid Off (Line 4) | $0.00 |
| 19.  Equity recapture from FP loan to be collected (lesser of Line 5 or Line 6) | $0.00 |
| 20.  PRAS to be collected (lesser of Line 11 or Line 12) | $0.00 |
| 21.  Amount due (Line 18 + Line 19 + Line 20) | $0.00 |
| (Stop here; do not go on to Line 22 Total Payoff ) | |

| Part III.  Percentage of Total Debt to Be Paid Off | |
|---|---|
| (Complete only for borrowers with leveraged loans, or if some Agency | |
|     loans are not subject to recapture or will not be repaid at this time) | |
| 22.  Agency Loans being Paid Off (Line 4) | $421.28 |
| 23.  Outstanding balance of all Agency Loans subject to recapture | $421.28 |
| 24.  Outstanding balance of all Prior Non Agency Mortgage Loans | $0.00 |
| 25.  Agency loans being paid off as a percentage of all mortgage loans | |
|     (Line 23 / (Line 22 + Line 24) = % | 100.00% |

Received:    1/14/02   6:21PM;
1/14/2002 MON 16:11 FAX 3142062113    3142062113 -> USDA RURAL DEVELOPMENT AMHERST;  Page 4
PAYOFF DEPT    Ø004

**Part IV.  Value Appreciation Subject to Recapture**

| | |
|---|---|
| 26. Dollar Value of Value Appreciation attributable to loans subject to Recapture (Line 17; or if Part III was completed, Line 17 X Line 25) | $77,132.60 |
| 27. Recapture percentage (lesser of 50% value appreciation or percentage contained in Subsidy Recapture Agreement | 0.260 |
| 28. Value Appreciation reduced by recapture percentage (Line 26 X Line 27) | $20,054.48 |
| 29. Percentage of original equity (from Subsidy Recapture Agmt) | 0.003 |
| 30. Value Appreciation, reduced by recapture percentage, attributable to original equity (Line 28 X Line 29) | $60.16 |
| 31. Value appreciation subject to recapture (Line 28 - Line 30) | $19,994.31 |

**Part V.  Amount Due if There is Value Appreciation**

| | |
|---|---|
| 32. Amount of payment subsidy received | |
| 33. Recapture Amount (Line 12 + lesser of (Line 31 or 32) | $57,524.72 |
| 34. Final Payoff Amount  (Line 4 + Line 6 + Line 33) | $32,163.47 |
| 35. Is The Loan Subject To 25% Discount (yes or no) | $32,584.75 |
| 36. Subsidy Recapture After 25% Discount | NO |
| 37. Total of Loans After Discount | $32,163.47 |
| | $32,584.75 |



# Savers Bank

ACCOUNT: 4800008018186
STATEMENT DATE: 08/25/01

| | |
|---|---|
| 1    08/07/01    421.28 | 1372    08/08/01    5.00 |
| 73    08/07/01    43.59 | 1374    08/06/01    15.90 |
| 75    08/07/01    258.59 | 1376    08/09/01    22.75 |
| 77    08/06/01    33.23 | 1378    08/16/01    100.00 |
| 379    08/09/01    260.00 | 1380    08/23/01    100.00 |
| 381    08/09/01    260.34 | 1382    08/15/01    35.00 |





**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

July 23, 2003

Debra Curran
223 New Boston Road
Sturbridge, MA 01566

     Re: Reinstatement of Mortgage

Dear Ms. Curran:

     Rural Development ("RD") for the United States Department of Agriculture has requested that the United States Attorney for the District of  Massachusetts file a complaint for reinstatement of mortgage on the property located at 223 New Boston Road, Sturbridge, MA 01566, with the United States District Court for the District of Massachusetts.

     According to the records of RD, on or about July 26, 1982, RD loaned to you and your then husband Ronald J. Frank Jr. the sum of $50,000 to enable you to purchase land and a dwelling located in Sturbridge, Massachusetts, which property you still occupy.  The loan was secured by a real estate mortgage which was duly recorded on July 26, 1982 in Book 7518, Page 66 of the Worcester District Registry of Deeds.

     The real estate mortgage provides, in relevant part, "And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a."

     It is the understanding of RD that, Ronald J. Frank Jr. has since deeded his interest in the subject property to you and he has been released from liability by RD.

     By the terms of the Subsidy Repayment Agreement, RD granted you an interest subsidy that lowered your monthly payments in order to keep your mortgage affordable.  Among other things, the

Ms. Curran
July 23, 2003
Page 2

Subsidy Repayment Agreement provided, in paragraph 2, as follows:

> ....If I refinance or otherwise pay in full without transfer of title and continue to occupy the property, the amount of recapture will be calculated but payment of recapture can be deferred, interest free, until the property is subsequently sold or vacated.  If deferred, the Government mortgage can be subordinated but will not be released nor the promissory note satisfied until the Government is paid in full.....

RD's records show that you did in fact receive a subsidy, renewable annually, from RD throughout the life of your loan.

In each year that the loan was outstanding, up to and including 1996, you executed an Interest Credit Agreement which provided, in paragraph XIII, that any interest credit granted thereby was subject to recapture by the Government when the property "is sold, or title to it is transferred, or when it is no longer occupied by the Borrower."  After 1996, RD changed its practice for renewing subsidies and no longer required borrowers to execute a written agreement.

On August 23, 2001, in response to your inquiries, RD wrote to you explaining what options you had to pay off your account. In relevant part, the letter stated as follows:

> MAXIMUM SUBSIDY (PAY/DEFER)...When subsidy is deferred, the 25% discount is waived, you must continue to occupy the dwelling and title to the property.  This account will not accrue interest nor are monthly payments required.  If you sell the home or move from the home, the receivable account will be due to be paid in full. The release of lien will not be issued until the receivable is paid in full.

The letter went on to say that in order to reduce the amount of subsidy that you would have to repay, you should submit an appraisal within 60 days.

You did submit an appraisal, which permitted RD to reduce the amount of subsidy that you had to repay from $79,693.88 (the actual amount of subsidy received) to $32,163.47 (the "recapture receivable"), as confirmed in a letter dated October 5, 2001.

On or about September 26, 2001, you paid off the principal

Ms. Curran
July 23, 2003
Page 3

and interest then due on the loan, but did not pay off the
subsidy repayment amount.

On or about September 26, 2001, the Government erroneously
marked the promissory note and real estate mortgage "paid" and
mailed them to you.

On or about September 26, 2001, the Government erroneously
issued to you a Discharge of Real Estate Mortgage, which you
promptly recorded in the Worcester District Registry of Deeds.

Despite several requests from RD, you have refused to permit
reinstatement of the mortgage.

It is the United States' position that equity and fairness
require that the promissory notes and real estate mortgage be
reinstated and that the real estate mortgage continue to serve as
security for the repayment of the subsidy until such time as the
subsidy is repaid and for the real estate records to be corrected
accordingly.

In an attempt to save the United States the costs associated
with litigating this matter, the United States Attorney's Office
respectfully requests that you execute the enclosed Reinstatement
of Mortgage.  In addition, I have enclosed a postage prepaid,
self-addressed envelope for your convenience.

If you decide not to sign the Reinstatement of Mortgage and
return it to me on or before **September 2, 2003**, the United States
Attorney's Office will be forced to file a complaint with the
United States District Court for the District of Massachusetts.

If you have any questions, I can be reached at (617) 748-
3303.

Thank you in advance for your anticipated cooperation.

Sincerely,

Christopher R. Donato
Assistant United States Attorney

# REINSTATEMENT OF REAL ESTATE MORTGAGE

This agreement made this _____ day of _____, 2003, between Debra J. Curran, hereinafter called "the Borrower," and the United States of America, acting through the Rural Housing Service, United States Department of Agriculture, hereinafter called "the Government," witnesses:

1. On or about July 26, 1982, the Government loaned the Borrower and her then husband Ronald J. Frank Jr. the sum of $50,000 to enable them to purchase land and a dwelling located in Sturbridge, Massachusetts. The loan was secured by a real estate mortgage which was duly recorded on July 26, 1982 in Book 7518, Page 66 of the Worcester District Registry of Deeds.

2. Ronald J. Frank Jr. has since deeded his interest in the subject property to Debra J. Curran and has been released from liability by the Government.

3. By the terms of a Subsidy Repayment Agreement, the Government granted Borrower an interest subsidy that lowered her monthly payments in order to keep her mortgage affordable. The said Subsidy Repayment Agreement provided that the Borrower would repay the subsidy on the terms specified therein, and the Subsidy Repayment Agreement and the real estate mortgage further provided that the real estate mortgage secured repayment of the subsidy as well as the loan.

4. On or about September 26, 2001, the Borrower paid off the principal and interest then due on the loan, but did not pay off the subsidy repayment amount.

4. On or about September 26, 2001, the Government erroneously issued to Borrower a Discharge of Real Estate Mortgage, which has since been recorded in the Worcester District Registry of Deeds.

5. The intent of the Borrower and of the Government is for the real estate mortgage to be reinstated and to continue serve as security for the repayment of the subsidy until such time as the subsidy is repaid and for the real estate records to be corrected accordingly.

THEREFORE, the Borrower and the Government agree that the real estate mortgage dated July 26, 1982 and recorded in Book 7518, Page 66 is hereby reinstated and that the Discharge of Real Estate Mortgage dated September 26, 2001 is hereby nullified.

_____                    _____
Witness                                      Debra J. Frank

Page 1 of 2

UNITED STATES OF AMERICA

By:    _____
       Lyndon S. Nichols, Manager
       Rural Housing Service, USDA


## ACKNOWLEDGMENT

STATE OF MASSACHUSETTS :
                         : SS
COUNTY OF WORCESTER      :

I hereby certify that on the _____ day of _____, 2003, before me, a Notary Public, personally appeared Debra J. Frank, to me personally known and known to be the person who executed the foregoing instrument and acknowledged it to be her act and deed.

Sworn to and subscribed before me and given under my hand and notarial seal.


                         _____
                                  Notary Public
My commission expires: _____


## ACKNOWLEDGMENT

STATE OF MASSACHUSETTS :
                         : SS
COUNTY OF WORCESTER      :

I hereby certify that on the _____ day of _____, 2003, before me, a Notary Public, personally appeared Lyndon S. Nichols, to me personally known and known to be the Manager of the Rural Housing Service and acknowledged the foregoing instrument to be the act and deed of the United States of America, acting through the Rural Housing Service, U.S.D.A.

Sworn to and subscribed before me and given under my hand and notarial seal.


                         _____
                                  Notary Public


My commission expires: _____


Page 2 of  2